

Richard A. Allen, Jayne I. Rizzolo, Washington, D.C., for plaintiffs.

H. Russell Smouse, Jack L.B. Gohn, Baltimore, Md., Steven M. Levine, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

This is a class action by a group of about 200 Canadian citizens employed by defendants' railroad who work in Canada. They complain they are being paid in Canadian dollars contrary to provisions of a collectively bargained contract that allegedly fixed payments in the equivalent of U.S. dollars. They sue for breach of contract. Defendants removed the case to this Court from the Superior Court of the District of Columbia and subsequently moved to dismiss and for summary judgment. Plaintiffs oppose dismissal and summary judgment[1] and, in turn, have moved to remand the case to the Superior Court. The issues have been briefed and fully argued.

Plaintiffs view this case as a straightforward contract action. Since the individual claims of the class members are less than $10,000, and cannot be aggregated for purposes of diversity jurisdiction, *National*

Organization for Women v. Mutual of Omaha Ins., 612 F.Supp. 100, 105 (D.D.C. 1985), the complaint was filed in Superior Court. Defendants suggest that the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 et seq. and/or the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 185, et seq., provide federal jurisdiction in this Court. These contentions are disputed by plaintiffs.

The collectively bargained contract covers some 40,000 employees in the United States and Canada, but RLA does not have extraterritorial effect to govern employees who are citizens of another country and who work solely in that country. *Air Line Dispatchers Ass'n v. National Mediation Board*, 189 F.2d 685, 687, 690 (D.C. Cir.), *cert. denied*, 342 U.S. 849, 72 S.Ct. 77, 96 L.Ed. 641 (1951); *Air Line Stewards and Stewardesses Ass'n v. Northwest Airlines*, 267 F.2d 170, 175 (8th Cir.), *cert. denied*, 361 U.S. 901, 80 S.Ct. 208, 4 L.Ed. 2d 156 (1959); *General Committee of Adjustment v. United States*, 102 L.R.R.M. 2869, 2871 (D.Minn.), *aff'd sub nom. General Committee of Adjustment v. Burlington Northern*, 620 F.2d 161 (8th Cir.), *cert. denied*, 449 U.S. 826, 101 S.Ct. 88, 66 L.Ed.2d 29 (1980). Thus the defendants have no legal basis for insisting that plaintiffs must resort to arbitration before the National Railroad Adjustment Board.

Section 4 of the collective bargaining contract provides for arbitration under RLA if grievance procedures are unsuccessful but the contract provides elsewhere that employees may take "any other lawful action" to enforce the contract within the time limits there provided. Contesting defendants' legal authority to force them into arbitration before a Railroad Adjustment Board, plaintiffs invoke this alternative contract provision. There is no proof before the Court indicating the origins of this ambiguous provision or its intent.

Defendants assert that since the contract explicitly requires arbitration under the RLA if grievance procedures fail, there

---

1. Plaintiffs seek discovery and further information before answering the summary judgment motion and defendants have moved to stay discovery.

have been numerous instances where Railway Adjustment Boards have dealt with grievances of Canadian-based employees covered by the contract. While this policy and practice under the agreement is thus clearly established, there is no indication that the union, the employer or the individuals involved ever questioned the authority of the Railway Adjustment Board process. This anomalous situation may well have occurred because Canadian law apparently insists upon arbitration in situations of this type.

Here, authority to arbitrate under the RLA is challenged and that challenge must be sustained as a matter of law in spite of past practice.

■ In an effort to avoid remand in the event plaintiffs are allowed to proceed with a straight forward contract action, defendants seek to establish federal question jurisdiction. This effort must also fail. While there is no doubt that LMRA provides federal question jurisdiction if an action concerns enforcement of that Act, this begs the question. *Illinois v. City of Milwaukee,* 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972). Here, the collectively bargained contract cannot be read to provide that Canadian employees such as plaintiffs must arbitrate under RLA over their objection because this would extend RLA, contrary to law. Thus LMRA does not come into play. Moreover, LMRA, like RLA, is inapplicable to Canadian citizens working in Canada. *Smith v. Evening News Assn.,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); *Windward Shipping Ltd. v. American Radio Assn.,* 415 U.S. 104, 110, 94 S.Ct. 959, 963, 39 L.Ed.2d 195 (1974); *Benz v. Compania Naviera Hidalgo,* 353 U.S. 138, 77 S.Ct. 699, 1 L.Ed.2d 709 (1957).

Plaintiffs' original choice of forum must be restored by remanding this case to the Superior Court. Defendants' motion for summary judgment must be left for resolution by that court since, for reasons stated in the full paragraph on page 3 of plaintiffs' April 26, 1988, memorandum in opposition to defendant CSX Corporation's motion for summary judgment, discovery may be required before that motion can be addressed. There are equally pressing reasons to allow discovery, but discovery issues must be left to the trial court and this Court, lacking jurisdiction, can take no position as to its proper scope. Similarly, class certification must be further briefed and then addressed in the Superior Court.

An Order denying defendants' motion to dismiss and remanding this case to the Superior Court of the District of Columbia is filed herewith.

United States District Court,
District of Columbia.