Dave ALLEN, et al., Appellees,

v.

CSX TRANSPORTATION, INC., Appellant.

No. 92–5104.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 12, 1993.

Decided May 17, 1994.

Ronald M. Johnson, Washington, DC, argued the cause for the appellant. On brief was James D. Tomola, Jacksonville, FL.

Richard A. Allen, Washington, DC, argued the cause for the appellees.

Before WILLIAMS, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LECRAFT HENDERSON.

KAREN LECRAFT HENDERSON, Circuit Judge:

Appellees (Canadian Employees) are Canadian railway employees of CSX Transportation (CSX) who work exclusively in Canada. They petitioned the district court to set aside orders of the National Railway Adjustment Board (NRAB). The district court granted their motion for summary judgment and vacated the contested NRAB awards. Because we conclude that the district court was without subject matter jurisdiction, we reverse and remand with instructions to dismiss the Canadian Employees' petition.

## I.

The Canadian Employees are represented by unions that have entered into collective bargaining agreements with CSX. The collective bargaining agreements include pay schedules providing that wages are to be paid in specific amounts designated by the dollar symbol of American currency, namely "$". The inclusion of the dollar symbol in the pay schedules forms the basis of the Canadian Employees' claim: that CSX's practice of paying them in Canadian currency constitutes a breach of their collective bargaining agreements because the pay schedules require that they be paid in American currency.

The Canadian Employees first brought their claim in a class action filed in the Superior Court for the District of Columbia. *See Rastall v. CSX Transp., Inc.,* 574 A.2d 271 (D.C.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1099 (1991). Shortly after the Canadian Employees filed suit in superior court, CSX asked the NRAB to determine whether its collective bargaining agreements with the eleven unions that represented Canadian railway employees required that the currency dispute be arbitrated. Nine of the eleven unions with Canadian members contested the NRAB's jurisdiction. The Brotherhood of Locomotive Engineers (BLE) and the United Transportation Union (UTU), however, conceded the NRAB's jurisdiction and asked it to resolve the dispute. All of the Canadian Employees who are appellees in this action are represented by either BLE or UTU.

In both the BLE and the UTU proceedings, the initial arbitration panel could not decide whether the collective bargaining agreements required payment in United States currency. Therefore, under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.,* an independent referee was appointed to resolve the dispute. *See* 45 U.S.C. § 153 First (*l*). The referee issued identical opinions in the two cases, concluding that the Canadian Employees' claims were foreclosed by CSX's past practice of paying them with Canadian dollars unadjusted to the United States exchange rate.

The Canadian Employees petitioned the district court to set aside the NRAB's arbitration award on the ground that the NRAB lacked jurisdiction. They based their petition for review on section 153 First (q) of the RLA, which provides:

> If any employee or group of employees, or any carrier, is aggrieved ... by any of the terms of an award or by the failure of the division to include certain items in such an award, then such employee or group of employees or carriers may file in any United States district court ... a petition for review of the division's order.

45 U.S.C. § 153 First (q).

Both the Canadian Employees and CSX filed motions for summary judgment with the district court. The district court first rejected CSX's claim that the Canadian Employees lacked standing to challenge the NRAB award. It held that the Canadian Employees had standing under 45 U.S.C. § 153 First (q) which grants railroad employees aggrieved by arbitration awards the right to challenge the awards in federal court. Notwithstanding its holding that the Canadian Employees are employees under the RLA for the purpose of standing, the district court concluded that they are not employees within the meaning of the RLA. *Allen v. CSX Transp., Inc.,* 784 F.Supp. 906, 910 (D.D.C.1992). Accordingly, the court decided that the NRAB ex-

ceeded its jurisdiction when it arbitrated the currency dispute. The court granted the Canadian Employees' motion for summary judgment and vacated the NRAB arbitration awards. *Id.* at 912. CSX now appeals the district court's grant of summary judgment.

## II.

■ The RLA grants the district court jurisdiction over petitions for review of NRAB arbitration awards brought by employees as defined by the RLA. *See* 45 U.S.C. § 153 First (q) ("The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct."). The RLA defines "employee" as:

> every person in the service of a carrier (subject to its continuing authority to supervise and direct the manner of rendition of its services) who performs any work defined as that of an employee or subordinate official in the orders of the Interstate Commerce Commission now in effect, and as the same may be amended or interpreted by orders hereafter entered by the Commission pursuant to the authority which is conferred upon it to enter orders amending or interpreting such existing orders
>
> . . . .

45 U.S.C. § 151 Fifth. The ICC does not have jurisdiction of disputes involving transportation performed exclusively outside the United States. 49 U.S.C. § 10501(a)(2). Accordingly, Canadian employees who work exclusively in Canada are not employees under the RLA. *See Air Line Stewards & Stewardesses Ass'n Int'l v. Northwest Airlines, Inc.,* 267 F.2d 170, 175 (8th Cir.) ("By its terms, [the RLA] fails to apply to employees who are hired and who perform services completely outside the United States. . . ."), *cert. denied,* 361 U.S. 901, 80 S.Ct. 208, 4 L.Ed.2d 156 (1959); *Rastall v. CSX Corp.,* 696 F.Supp. 683, 684 (D.D.C.1988) ("RLA does not have extraterritorial effect to govern employees who are citizens of another country and who work solely in that country.").

■ Consistent with the RLA's text, the district court held that the Canadian Employees are not employees as defined by the Act. *See Allen v. CSX Transp., Inc.,* 784 F.Supp. 906, 910 (D.D.C.1992) ("[T]he Canadian employees are not 'employees' within the meaning of the RLA."), *appeal after remand, Rastall v. CSX Transp., Inc.,* 574 A.2d 271 (D.C.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1099 (1991). The district court, however, also held that the Canadian Employees had standing to challenge the NRAB award because they are aggrieved employees under section 153 First (q). The district court did not explain the paradox on which its decision rests: the NRAB exceeded its jurisdiction because the Canadian Employees are not employees under section 151 Fifth of the RLA yet the district court could exercise jurisdiction because the Canadian Employees are employees under section 153 First (q) of the RLA.

■ The district court's interpretation of the RLA, which gives the same term different meanings in construing different sections of the Act, is incorrect. It is a well established rule of statutory construction that "a word is presumed to have the same meaning in all subsections of the same statute." *Morrison–Knudsen Constr. Co. v. Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor,* 461 U.S. 624, 633, 103 S.Ct. 2045, 2050, 76 L.Ed.2d 194 (1983). There is no reason to believe that Congress intended the court to give the term "employees" different meanings in section 151 Fifth and section 153 First (q) and we decline the invitation to do so. Accordingly, we conclude that the Canadian Employees are not employees under the RLA because they work exclusively outside the United States and the RLA does not vest the district court with jurisdiction to review the NRAB's arbitration awards. The plaintiffs have pointed to no other basis of jurisdiction.

There is no inconsistency in our reliance on the RLA to defeat the district court's jurisdiction while at the same time we conclude that the RLA is inapplicable to the Canadian Employees' dispute. Section 153 First (q) not only establishes a railroad employee's right to judicial review, it also estab-

lishes the relationship between the federal courts and the NRAB by delineating the circumstances in which the federal court may review an NRAB arbitration award. Regardless whether the RLA applies to their currency dispute, the Canadian Employees are seeking to appeal a decision of the NRAB. Section 153 First (q) establishes the federal court's jurisdiction to entertain such an appeal. Thus, section 153 First (q) is relevant to this court's determination of the jurisdiction question. We hold that the district court does not possess jurisdiction here because section 153 First (q)'s jurisdictional prerequisites have not been met.

Our holding that the Canadian Employees do not have standing to challenge an award of the NRAB entered against them does not leave them without a remedy. Their breach of contract action is pending in superior court. If CSX attempts to rely on the NRAB's awards in that proceeding, the Canadian Employees could argue that the awards exceeded the NRAB's jurisdiction and therefore have no preclusive effect. *See Williams v. E.F. Hutton & Co.*, 753 F.2d 117, 119 (D.C.Cir.1985) (arbitrator's award not entitled to preclusive effect if arbitrator decided matters not within his jurisdiction).

For the foregoing reasons, we reverse and remand to the district court with instructions to dismiss the Canadian Employees' petition for lack of subject matter jurisdiction.

*It is so ordered.*