**Clarence WILLIAMS, Jr., Appellant**

v.

**E.F. HUTTON & COMPANY, INC.**

**No. 84–5244.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 18, 1984.

Decided Jan. 22, 1985.

Clarence Williams, Jr., pro se.

Frederick D. Greco, McLean, Va., for appellee.

Before ROBINSON, Chief Judge, and WRIGHT and MIKVA, Circuit Judges.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

Plaintiff-Appellant Clarence Williams, Jr., an individual investor, appeals from the district court's order dismissing his complaint against the brokerage firm of E.F. Hutton and Company, Inc. Williams had asserted a number of objections under the federal securities laws to the manner in which E.F. Hutton had handled his account. On the defendant's motion under Fed.R. Civ.P. 12(b)(1), (5) and (6), the district court dismissed the complaint. The district court relied on *Schattner v. Girard, Inc.*, 668 F.2d 1366 (D.C.Cir.1981), to conclude that the prohibition against relitigating matters that have been or should have been arbitrated barred Williams' complaint in its entirety. In a three-sentence explanation, the judge observed: "While plaintiff contends that the matters before this court were not submitted for arbitration, it seems quite clear that they *could* have been submitted." Order, *reprinted in* Appendix 1 (emphasis added). He further noted that the "issues" are the same. We reverse and remand to the district court.

On February 4, 1977, Mr. Williams signed a standard form customer agreement with E.F. Hutton. The record is silent as to the relationship between the two parties between 1977 and 1981. In 1981, however, E.F. Hutton began the series of margin calls which are at the heart of Williams' complaint. Williams, who has represented himself in this matter, told the court that he several times sought an explanation from representatives of E.F. Hutton but each time was treated with what he regarded as rudeness and was unable to arrive at any satisfactory resolution of the controversy.

On December 28, 1981, Williams signed a Uniform Submission Agreement in which he agreed to "submit the present matter in controversy, *as set forth in the attached statement of claim*" (emphasis added) to arbitration by the National Association of Securities Dealers, Inc. In his statement of claim, Williams alleged "numerous violations contrary to Federal Reserve Board policy governing margin accounts." He more particularly accused E.F. Hutton of miscalculating "the change in margin requirements in my account due to same day substitution privileges" and "the change in cash money balances, as is defined on a day to day trading basis." Part C of his statement of claim averred that "[t]hese repeated regulatory violations dates (sic) from 10–26–81 through 11–24–81" and eventually resulted in improper Federal Regulation "T" and E.F. Hutton maintenance calls "causing forced liquidation of stocks and options from 11–17–81 through 11–24–81." The arbitrators considered the controversy and dismissed Williams' claim in a decision dated September 30, 1982. No question has been raised as to the voluntariness of the agreement or as to the regularity of the procedures employed by the arbitrators.

In a complaint filed in the United States District Court for the District of Columbia on February 15, 1984, Williams alleged "innumerable violations of Federal Statutes" and more specifically "repeated violations of established Accounting Procedural Rules governing the five (5) business days settlement date on Security transactions," "[r]epeated violations of Federal Regulation 'T'," as well as illegal issuance of Federal Regulation "T" and E.F. Hutton maintenance calls and breach of contract. Those violations were alleged to have occurred between February 17 and December 31, 1981.

E.F. Hutton contends that the complaint resembles the arbitration claim and that all the present claims could have been handled by an arbitrator. The firm therefore insists that the claims be barred.

■ The issue, however, is not whether the claims could have been arbitrated had the parties bound themselves to a different arbitration agreement but rather whether they *should* have been considered under the terms of the arbitral agreement the parties actually did reach. The arbitration agreement is a contract and the court will not rewrite it for the parties. *Davis v. Chevy Chase Financial Ltd.*, 667 F.2d 160, 167 (D.C.Cir.1981). Although courts recognize a strong federal policy in favor of voluntary commercial arbitration, *id.* at 164; *Hanes Corp. v. Millard*, 531 F.2d 585, 597 (D.C.Cir.1976), and will generally bar claims falling under an arbitration clause even if those claims were not actually raised in the arbitration proceeding, *Schattner*, 668 F.2d at 1368, arbitration cannot be raised as a bar to claims falling outside the arbitration agreement, *Hanes*, 531 F.2d at 598. Nor would the decision of the arbitrators be entitled to any deference if they were found to have exceeded their authority by reaching out to decide matters not consigned to their discretion by the arbitration agreement. There is no duty to arbitrate matters not subject to the arbitration agreement, *Davis*, 667 F.2d at 165, and no authority on the part of arbitrators to consider matters not necessary to the resolution of disputes actually submitted, *id.* The crucial inquiry under *Schattner* is whether under the arbitration agreement the claims *should* have been considered, not, as the district court suggests, whether, in theory, the claims *could* have been dealt with in arbitration.

■ Two contracts between the parties arguably bear on the determination of what claims Williams should have submitted: the Customer Agreement and the Uniform Submission Agreement. E.F. Hutton, however, has disavowed, in oral argument, any reliance on the Customer Agreement, and thus we need not consider the effect or validity of the clause providing that "any controversy arising out of or relating to my accounts, to transactions between us or to this agreement or the breach thereof, shall be settled by arbitration." What should have been arbitrated therefore must turn solely on the Uniform Submission Agreement.

Turning to the latter document we find that the language quoted earlier renders the arbitration agreement coextensive with the claims actually submitted. The present claims may be barred only if they are covered by the statement of claim included in the Uniform Submission Agreement. We find that Williams' complaint differs on its face in two significant respects from the arbitration agreement. First, at least one claim made in the complaint, that of breach of contract, appears nowhere in the statement given the arbitrators. Second, the claims which do appear duplicative relate to a different time period (February 17 to December 31, 1981 as opposed to October 26 to November 24, 1981). Although Williams' statement of claim is hardly a model of clarity, it is clear enough to discern that his present complaint is not identical to the statement of claim. Moreover, to the extent that inartful drafting has led to ambiguities, securities suits such as this are not appropriate for applying the general judicial rule, *Hanes*, 531 F.2d at 598, of resolving ambiguities in favor of arbitration.

In *Wilko v. Swan*, 346 U.S. 427, 438, 74 S.Ct. 182, 188, 98 L.Ed. 168 (1953), the Supreme Court held that customers could not be forced to arbitrate grievances predicated on the securities laws. Subsequent cases have accorded binding effect to arbitral decisions where particular existing disputes were actually and voluntarily submitted to arbitrators. *See, e.g., Schattner*, 668 F.2d at 1368 (claims "based on the exact same allegations ... made before and rejected by the arbitrators" barred; "once the facts underlying a securities claim are in fact arbitrated the decision is binding."); *Gardner v. Shearson, Hammill & Co.*, 433 F.2d 367, 368 (5th Cir.1970) (action barred where pursuant to agreement parties had submitted "the identical alleged acts and transactions" to arbitra-

tion). The rationale underlying *Wilko* dictates, however, that in the case of disputes under the federal securities laws, any doubt as to whether a particular item falls within the ambit of matters actually and necessarily submitted to arbitration must be resolved in favor of allowing access to the federal courts.

In enacting the securities laws, Congress specifically afforded grievants a federal forum. *See* 15 U.S.C. §§ 77v(a), 77vvv, 79y, 80a–43. Behind this decision lay congressional recognition that inequality of bargaining power often prevails between buyers and sellers, 346 U.S. at 438, 74 S.Ct. at 188, and a congressional desire to assure "that sellers could not maneuver buyers into a position that might weaken their ability to recover," *id.* The Court thus refused to allow prior agreements to arbitrate to foreclose access to the courts. Similarly, this court hesitates to close off, after an arbitration, the access provided by Congress unless it clearly appears that the plaintiff contracted away—voluntarily and completely—his right to federal trial and review.

E.F. Hutton's counsel has suggested that the arbitrators necessarily analyzed everything encompassed in Williams' present claims in deciding the issues properly before them. If this is true, then the complaint was properly dismissed, but the district court made no such finding. Nor is that contention otherwise substantiated.

To the extent that Williams' claims are identical to those clearly within the terms of the arbitration contract—and there does appear to be some overlap—they are barred. Any remaining claims, such as the breach of contract claim or claims arising from a time period different from than that covered by the submission agreement, cannot be barred automatically.

As to the merits of Williams' claims, we express no opinion. We hold only that where a complaint is dismissed solely on the basis of a prior arbitration of claims under the securities laws, such dismissal can be sustained only if the claims are clearly identical or if the claims are clearly such that they necessarily would have been decided in the course of resolving other claims properly submitted. We reverse and remand for proceedings consistent with this opinion.

*It is so ordered.*