Robert **HAMMERMAN**, Plaintiff and Counterdefendant,

v.

Thomas A. **PEACOCK**, Defendant and Counterclaimant,

v.

**SMITH BARNEY, HARRIS UPHAM & COMPANY, INC.**, Additional Defendant on Counterclaim.

Civ. A. No. 84–2724.

United States District Court, District of Columbia.

Jan. 29, 1987.

Morris Kletzkin, Washington, D.C., for plaintiff and counterdefendant.

Robert L. Cope, Washington, D.C., for defendant and counterclaimant.

James H. Schropp, Washington, D.C., for additional defendant on counterclaim.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

Counterdefendants in this case, the brokerage firm of Smith Barney, Harris Upham & Company, Inc. (Smith Barney), and Robert Hammerman, a former Smith Barney accounts executive, have moved for summary judgment with respect to the federal securities law claims asserted against them by counterclaimant Thomas A. Peacock, an individual investor whose claims arise out of a dispute over the manner in which counterdefendants handled his account.* The motion is based upon the decision of a National Association of Securities Dealers, Inc., (NASD), panel of arbitrators which heard Peacock's state law claims against Smith Barney and Hammerman following their dismissal by this Court and determined that Peacock was entitled to no recovery on any of those claims. Counterdefendants contend that the arbitrators' decision adjudicated adversely to Peacock the identical factual issues underlying his federal securities claims, that Peacock, having had a full and fair opportunity to litigate those issues before the NASD panel, should be collaterally estopped from relitigating them in this forum, and that they are entitled to judgment on the federal claims as a matter of law on the basis of the facts established in the arbitration proceedings. Having heard and considered the motion, Peacock's opposition thereto,

the parties' legal memoranda, the report and findings of the arbitrators, and the record herein, the Court concludes, for reasons that follow, that summary judgment should be entered in favor of Smith Barney and Hammerman.

In his "Statement of Claim" filed with the NASD,[1] Peacock presented for consideration by the arbitrators claims for (1) breach of fiduciary duty, (2) common law fraud, (3) breach of contract, (4) negligence, (5) unlawful trade practices in violation of § 28–3904, D.C.Code, and (6) racketeering in violation of 18 U.S.C. §§ 1961 *et seq.* The factual allegations asserted before the NASD panel in support of these claims are virtually identical to those asserted here in support of Peacock's federal claims.[2] Peacock alleged there, as he does here, essentially that Smith Barney and Hammerman churned his account, purchased securities that were unsuitable for him, misrepresented Hammerman's expertise, and misrepresented the status of the account. After hearing and considering the evidence presented, the arbitrators concluded, as noted above, that Peacock was not entitled to any recovery from Smith Barney or Hammerman with respect to any of the claims asserted. In their report, the arbitrators found, *inter alia*, that

1. [Hammerman and Smith Barney] did not trade [Peacock's] account in a manner excessive for the size and nature of that account;

2. The securities purchased by [Hammerman and Smith Barney] were not unsuitable for [Peacock's] account;

3. [Hammerman and Smith Barney] did not intentionally misrepresent mate-

---

* Peacock's counterclaim as amended set forth five "causes of action". The first two alleged securities fraud in violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 of the Securities Exchange Commission, 17 C.F.R. § 240–10b–5. The third, fourth, and fifth causes of action, constituting pendent state law claims, alleged, respectively, common law fraud, breach of contract, and negligence. By memorandum opinion and order dated April 30, 1985, Peacock's state law claims were dismissed and referred to compulsory arbitration under the rule estab-

lished in *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

1. Exhibit B, counterdefendants' motion for summary judgment.

2. Counsel for Peacock conceded this point in open court at the hearing on counterdefendants' motion. Compare Peacock's NASD statement of claim, ¶¶ 1–34 (Exhibit B, counterdefendants' motion), with his first amended counterclaim in this action, ¶¶ 4–36.

rial facts to [Peacock] or omit to state material facts to [Peacock];

4. [Hammerman and Smith Barney] did not effect unauthorized transactions for [Peacock's] account; [and that]

5. [Hammerman and Smith Barney] did not breach [their] contractual obligations with [Peacock].

Report of Arbitrators, Exhibit A, counterdefendants' motion.

Our Court of Appeals has repeatedly recognized that an arbitration decision can have *res judicata* or collateral estoppel effect even where the underlying claim involves the federal securities laws. *Williams v. E.F. Hutton & Co., Inc.*, 753 F.2d 117 (D.C.Cir.1985); *Schattner v. Girard, Inc.*, 668 F.2d 1366 (D.C.Cir.1981); *Davis v. Chevy Chase Financial Limited*, 667 F.2d 160 (D.C.Cir.1981). As the Court observed in *Schattner*, "[a]lthough a party is not required to arbitrate facts underlying a securities law claim, ... once the facts underlying those claims are in fact arbitrated the decision of the arbitrators is binding." *Id.* at 1369. Other circuits have similarly recognized that federal securities claims may be barred on the basis of a prior arbitration decision involving state law claims where the underlying factual issues are the same. *See e.g., Phillips v. Merrill Lynch, Pierce, Fenner & Smith*, 795 F.2d 1393 (8th Cir.1986); *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352 (11th Cir.1985).

It is evident from the record before this Court that the federal securities law claims advanced by Peacock in this action are grounded upon the exact same allegations made before and rejected by the arbitrators. It is further evident that Peacock has had a full and fair opportunity to litigate these factual issues in the arbitration proceeding. The arbitration was conducted under the rules of the NASD. Peacock was represented by counsel and was allowed to make opening and closing statements, to present relevant testimonial and

documentary evidence on his behalf, and to cross examine counterdefendants' witnesses. In addition, he consented to the presence of the three arbitrators on the panel which heard his claims. The Chairman of the panel was not only a lawyer, but also a professor of law. In sum, Peacock was afforded adequate procedural safeguards in the prior proceeding and those safeguards effectively protected the federal interest in enforcement of the securities laws.[3]

As the NASD panel, in reaching its decision, effectively resolved the identical factual issues underlying Peacock's federal claims, it appears entirely appropriate to give collateral estoppel effect to the arbitrators' decision. And with the facts taken as established by the arbitrators, there is no way for Peacock to prevail on his federal claims. No factual issues remain to be resolved. The issues upon which Peacock's federal claims depend having been determined adversely to Peacock, counterdefendants are entitled to judgment as a matter of law.

It should be finally noted that Peacock's expressed intention to "appeal", or move to set aside, the arbitration decision provides no basis for withholding judgment in favor of counterdefendants in this case in light of the rule that "collateral estoppel effect may be applied to a trial court finding even while the judgment is pending on appeal." *Southern Pacific Communications Co. v. American Telephone & Telegraph Co.*, 740 F.2d 1011, 1018 (D.C.Cir.1984).

For the foregoing reasons, the motion of the counterdefendants for summary judgment must be granted. An approriate order will be entered together herewith.

## ORDER AND JUDGMENT

Upon consideration of the motion of the counterdefendants, Robert Hammerman and Smith Barney, Harris Upham & Company, Inc., for summary judgment with respect to the federal securities law claims

---

3. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) (in determining preclusive effect to be given to an arbitration proceeding, the Court shall take into account the "federal interests warranting protection.").

asserted against them by counterclaimant Thomas A. Peacock, the opposition thereto, the parties' respective legal memoranda, the arguments of counsel heard in open court on January 21, 1987, and the entire record herein, and it appearing to the Court, for reasons set forth in the accompanying memorandum opinion, that the motion should be granted, it is this 29th day of January, 1987,

ORDERED and ADJUDGED that the motion of counterdefendants Robert Hammerman and Smith Barney, Harris Upham & Company, Inc., for summary judgment be, and hereby is, granted; and it is further

ORDERED and ADJUDGED that the counterclaim of Thomas A. Peacock be, and hereby is, dismissed with prejudice.