**Jay H. HOWELL, Plaintiff,**

v.

**WILLIAM C. RONEY & CO.; and William R. Sohaski, Defendants.**

**Civ. No. F88–226.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Dec. 21, 1988.

---

Randall D. Smith, Baker, Daniels & Shoaff, Fort Wayne, Ind., for plaintiff.

James P. Fenton, Fort Wayne, Ind., Elizabeth N. Carroll and Ronald S. Longhofer, Detroit, Mich., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Defendants, William C. Roney & Co. and William R. Sohaski, have moved this court to stay the proceedings in the above cause-numbered action and to dismiss Count I of plaintiff Howell's complaint for failure to state a claim upon which relief can be granted. Jurisdiction in this action is based on 28 U.S.C. § 1331.

### I.

### *Facts*

There are many factual disputes in this case but only certain basic facts are relevant to these motions. Plaintiff investor initially secured the services of defendant brokers after his father died in 1982. Apparently, plaintiff's investments were fairly conservative until he decided to open an options account with defendants in 1987. In August of 1987, plaintiff signed a "Customer Option Account Form and Agreement" (hereinafter "Customer Agreement") which contained the following paragraph:

> The undersigned agrees, and by carrying an account for the undersigned you agree, that all controversies which may arise between us concerning any transaction or the construction performance or breach of this or any other Agreement between us, entered into prior, on or subsequent to the date hereof, shall be determined by arbitration before the

New York Stock Exchange, Inc. or arbitration facility provided by any other exchange or The National Association or Securities Dealers, Inc. and in accordance with its rules then obtaining. The undersigned may elect in the first instance whether arbitration shall be by the New York Stock Exchange, Inc., or other exchange or market facility, but if the undersigned fails to make such election, by registered letter or telegram addressed to you to your main office, before the expiration of five days after receipt of a written request from you to make such election then you may make such election. *Nothing contained herein shall require the undersigned to submit to arbitration any claim that may validly exist under federal securities laws.* The award of the arbitrators, or of the majority of them, shall be final and judgement upon the award rendered may be entered in any court, state or federal, having jurisdiction. *Arbitration cannot be compelled with respect to disputes arising under the federal securities laws.*

(emphasis added)

This clause was part of a form contract utilized by defendants who now claim that it was nullified by a Uniform Submission Agreement to arbitrate signed by plaintiff on May 27, 1988, which contained the following paragraph:

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached Statement of Claim, answers and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By–Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

On February 18, 1988, defendant Roney & Co. filed a claim with the New York Stock Exchange's (hereinafter N.Y.S.E.) Department of Arbitration to recover $362,000 from plaintiff for an alleged deficit in plaintiff's option account. Plaintiff filed an Answer, Counterclaim and Third–Party claim with the N.Y.S.E.'s Department of Arbitration. Plaintiff did not include any mention of federal securities laws claims in his pleadings. He then filed suit in this court on August 4, 1988. The counts in this action involve only disputes arising under various federal securities laws.

## II.

### *Motion to Stay Proceedings*

The defendants have moved this court "to stay all further judicial proceedings pending the results of arbitration...." Presumably, they are also asking this court to compel arbitration of the federal securities claims as they have asserted that all the claims in this case must be arbitrated pursuant to the Uniform Submission Agreement. It is therefore evident that this court should decide whether to compel arbitration of the securities claims even though defendants technically have not moved to compel.

This court must first decide whether the parties agreed to arbitrate *all* claims or whether the federal securities claims should be excepted and are, therefore, properly before this court. If said claims are properly before this court, then the Motion to Stay the proceedings will be considered. If they are not properly before this court pursuant to the parties' agreements, then this court must compel arbitration of those claims. *Merit Insurance Co. v. Leatherby Insurance Co.,* 581 F.2d 137, 142 (7th Cir.1978) ("If the agreement to arbitrate is valid the court has no further power or discretion to address the issues raised in the complaint but must order arbitration...."); *Castro v. Marine Midland Bank,* 695 F.Supp. 1548 (S.D.N.Y.1988) ("The Federal Arbitration Act, 9 U.S.C. § 4, requires this court to compel arbitration to the extent of the parties' written agreement to arbitrate, unless the making of the agreement is put into question.").

The basic issue comes down to this: Did the Uniform Submission Agreement nullify and/or impliedly revoke the initial agreement to arbitrate contained in the Customer Agreement? *See Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987)

(The Arbitration Act places arbitration agreements upon the same footing as other contracts by providing that arbitration agreements shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.).

The Customer Agreement clearly excepted federal securities claims from the agreement to arbitrate. Defendants claim the following words in the Uniform Submission Agreement revoke the words in the Customer Agreement: "The undersigned parties hereby submit the present matter in controversy, *as set forth in the attached statement of claim, answers and all related counterclaims and/or third party claims which may be asserted,* to arbitration...." (emphasis added). Defendants assert that the meaning of this paragraph is clear, that is, that *any and all claims* which could arise from the transaction in question must be arbitrated. Plaintiff strongly disagrees with that interpretation. The court in *Williams v. E.F. Hutton & Co., Inc.,* 753 F.2d 117 (D.C.Cir.1985), had to interpret a Uniform Submission Agreement in which the parties agreed to "submit the present matter in controversy, *as set forth in the attached statement of claim"* (emphasis added) to arbitration. The court found that that language rendered the arbitration agreement co-extensive with the claims actually submitted. *Id.* at 119. This court concurs with that interpretation. Even if defendants' interpretation has some merit, it is far from clearly the correct interpretation.

Even assuming the Uniform Submission Agreement is ambiguous, this court would resolve the ambiguity in favor of the plaintiff for several reasons. First, the Customer Agreement is very clear—there is no doubt the parties intended to except the federal securities claims under the initial agreement. Second, both form contracts were presented for plaintiff's signature by defendants. If the Uniform Submission Agreement is ambiguous, defendants can hardly complain that their own Customer Agreement is used to resolve that ambiguity. Finally, it is clear from plaintiff's actions, and particularly his pleadings, that

his understanding of the Uniform Submission Agreement was that it *only* covered the statement of claim and the answers, which would actually be filed relating to that statement of claim.

 This court, therefore, finds that the Uniform Submission Agreement did not nullify the arbitration clause of the Customer Agreement. Plaintiff's federal securities claims are properly before this court. Further, there is no need to stay the proceedings pending the arbitration proceeding. Recent cases have held that arbitration and federal litigation should proceed simultaneously absent compelling reasons to stay the litigation. *Chang v. Lin,* 824 F.2d 219, 223 (2d Cir.1987); *Castro, supra,* at 1552. No such compelling reasons have been offered by defendants.

### III.

### *Motion to Dismiss*

 Defendants have moved to dismiss Count I of plaintiff's complaint for failure to state a claim upon which relief can be granted. They contend that they are not "sellers" under Section 12(2) of the Securities Act of 1933. Dismissal of a complaint is only proper where "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [his] claims which would entitle [him] to relief." *Fromm v. Rosewell,* 771 F.2d 1089, 1091 (7th Cir.1985), *cert. denied,* 475 U.S. 1012, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). *See also Forys v. United Food & Commercial Worker's International Union,* 829 F.2d 603, 606 (7th Cir.1987); and *Pryzina v. Ley,* 813 F.2d 821, 822 (7th Cir.1987). When the court of appeals for this circuit reviews the granting of a motion to dismiss, the well-pleaded factual allegations of the complaint are taken as true. *See Reichenberger v. Pritchard,* 660 F.2d 280 (7th Cir.1981). *See also Harris v. Brock,* 835 F.2d 1190 (7th Cir.1987). Further, when the court of appeals reviews the complaint, only factual allegations will be considered and alleged legal conclusions are not bind-

ing upon the court. *City of Milwaukee v. Saxbe,* 546 F.2d 693, 704 (7th Cir.1976).

Both sides have argued their positions convincingly on the definition of a "seller" for purposes of Section 12(2). The only thing that is clear to this court after analyzing the cases cited to support the parties' respective arguments is that courts and commentators disagree on the definition of a "seller" under § 12(2). This court, therefore, will not dismiss Count I of plaintiff's complaint as it does not appear beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

## IV.

### *Conclusion*

This court will not compel arbitration of the plaintiff's federal securities claims but will retain jurisdiction of those claims. Defendants' "Motion to Stay Proceedings" is DENIED. Further, defendants' "Motion to Dismiss" is DENIED. IT IS SO ORDERED.