**FEDERACIÓN CENTRAL DE TRABAJADORES,**
Plaintiff,

v.

**VAQUERÍA TRES MONJITAS, INC., Defendant.**

No. CIV. 01–1180(HL).

United States District Court, D. Puerto Rico.

March 25, 2002.

Jose E. Carreras–Rovira, Hato Rey, PR, for Federacion Central De Trabajadores, Jorge Aleman, plaintiffs.

Ginoris Vizcarra–Lopez–Lay, Santurce, PR, for Vaqueria Tres Monjitas, Inc., defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court are cross motions for summary judgment to vacate and enforce

a labor arbitration award pursuant to section 301 of the Labor Management Relations Act.[1] Plaintiff Federación Central de Trabajadores ("the Union") is a union that represents the workers of Defendant Vaquería Tres Monjitas, Inc. ("VTM"). VTM is a distributor of dairy products in Puerto Rico. The Union originally brought this action in Puerto Rico Superior Court to vacate an arbitrator's award. VTM removed this controversy to this Court pursuant to 28 U.S.C. § 1441.

The chronology of this controversy is as follows. On July 22, 1999, the parties entered into a collective bargaining agreement ("CBA"). The CBA provided a four-step procedure for the resolution of disputes. The first three steps involve meetings between disgruntled employees and Union representatives on one side and members of VTM's management on the other. If the parties are unable to reach an agreement, the fourth step provides that the matter be submitted to arbitration.[2] The specific controversy in the present case arises out of VTM's dismissal of Jorge Alemán, who worked for VTM as a substitute driver. VTM claims that it terminated Alemán because of a series of problems that occurred while he was substituting for one of VTM's regular drivers. The CBA provides that no worker may be suspended without just cause.[3] The Union contested Alemán's dismissal, and the matter was submitted to arbitration.

The Union filed a request for the designation and selection of an arbitrator with the Puerto Rico Department of Labor. In that form, it described the dispute as follows: "The facts which brought about his discharge bear no proportion with [sic] the determination made by the Company."[4] VTM would subsequently argue that this description constituted an admission by the Union of the facts which lead to the discharge. At arbitration, the parties were unable to agree upon a submission. The Union made the following submission proposal:

That the Arbitrator determine if the discharge of Mr. Jorge Alemán was or was not justified. If it is decided that it was not, that the arbitrator determine the adequate remedy.[5]

VTM proposed the following:

Having the Union admitted the occurrence of the facts which motivated the discharge, the only arbitrable controversy is for the Honorable Arbitrator determine [sic] if the facts which propitiated the discharge of Mr. Jorge Alemán was proportionate with the determination taken by the Company.[6]

After reviewing the CBA, the parties' allegations, and the evidence, the arbitrator determined that the precise controversies before her were the following:

1. Determine if the Union admitted the facts that brought about the discharge of Mr. Jorge L. Alemán.

2. If the facts were admitted, to determine if the same are proportionate with the determination of the Company of discharging Mr. Alemán. If the Union did not admit the facts, to de-

---

1. 29 U.S.C.A. § 185 (West 1998).

2. Docket no. 8, annex 2, Article XXIV.

3. Docket no. 8, annex 2, Article VII.

4. Docket no. 8, annex 1, at 6. The arbitration proceedings were in Spanish. Any direct quotations from those proceedings in the present opinion and order are from the translations submitted by VTM. The Court notes that these translations are imperfect and do not necessarily correspond with how the Court would translate the record. The translations are, however, certified, and the Court will therefore cite to them.

5. Docket no. 8, annex 1, at 2.

6. Docket no. 8, annex 1, at 2.

termine if the discharge of Mr. Jorge L. Alemán was justified.[7]

In her decision, the arbitrator agreed with VTM's argument that the Union accepted the facts regarding Alemán's conduct. Thus, the arbitrator concluded, the Union was challenging only the severity of the sanction imposed. The arbitrator found that Alemán substituted for Carlos Hernández, a regular driver who was on vacation; that several of VTM's clients complained about the service they were receiving from Alemán; that one client complained so vociferously that Hernández had to make the deliveries to the client even though he was still on vacation; and that two clients were so dissatisfied with Alemán that they cancelled their accounts with VTM. The arbitrator concluded that VTM was justified in terminating Alemán because his work seriously damaged VTM's image with its clients. Moreover, she held, an arbitrator should not overturn an employer's decision unless the penalty was excessive, unreasonable, or an abuse of discretion. In this case, the arbitrator found that the penalty did not suffer from these defects.[8] The arbitrator also ruled that even if the Union had not admitted the facts, the evidence submitted by VTM established that it was justified in firing Alemán.[9]

The Union then brought the present action to overturn the arbitrator's decision. The parties have filed cross motions for summary judgment on this issue. For the reasons set forth below, the Court affirms the arbitrator's decision.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is enti-

tled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting any facts that demonstrate a genuine issue for trial. Fed.R.Civ.P. 56(e); *LeBlanc v. Great American Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993). The nonmovant must do more than show "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). An issue is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. at 2512.

 It is well established that a federal court's review of an arbitrator's decision is extraordinarily deferential. *See Keebler Co. v. Truck Drivers, Local 170,* 247 F.3d 8, 10 (1st Cir.2001); *Wheelabrator Envirotech v. Massachusetts Laborers Dist. Council Local 1144,* 88 F.3d 40, 43 (1st Cir.1996); *Service Employees Int'l Union v. Local 1199 N.E.,* 70 F.3d 647, 651 (1st Cir.1995); *Dorado Beach Hotel Corp. v. Unión de Trabajadores de la Industria Gastronomica de Puerto Rico,* 811 F.Supp. 41, 44 (D.P.R.1993). "Judicial review of an

---

7. Docket no. 8, annex 1, at 3.

8. Docket no. 8, annex 1, at 3–6. One of the clients that had cancelled its account with

VTM subsequently agreed to renew its account, albeit on a probationary basis.

9. Docket no. 8, annex 1, at 6–7.

arbitration award is among the narrowest known in the law." *Maine Cent. R.R. Co. v. Bhd. of Maintenance of Way Employees,* 873 F.2d 425, 428 (1st Cir.1989). A reviewing court generally does not hear claims of legal or factual error the way an appellate court reviews a lower court's decisions. *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987); *Wheelabrator,* 88 F.3d at 43. Judicial review of an arbitrator's decision requires the court to consider both the collective bargaining agreement and the arbitral submission. *Larocque v. R.W.F., Inc.,* 8 F.3d 95, 96 (1st Cir.1993); *El Dorado Technical Services, Inc. v. Unión General De Trabajadores de Puerto Rico,* 961 F.2d 317, 320 (1st Cir. 1992).

■ A court should uphold the arbitrator's interpretation of the CBA if, within the four corners of the CBA, there is any plausible basis for that interpretation. *Wheelabrator,* 88 F.3d at 44; *El Dorado,* 961 F.2d at 319; *Dorado Beach,* 811 F.Supp. at 44. A court may not overrule an arbitrator's decision merely because its interpretation of the CBA is different from the arbitrator's. *United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960); *Boston Med. Ctr. v. Serv. Employees Int'l Union,* 260 F.3d 16, 21 n. 4 (1st Cir.2001); *Labor Relations Div. of Constr. Indus. v. Int'l Bhd. of Teamsters,* 29 F.3d 742, 745 (1st Cir.1994); *Dorado Beach Hotel Corp. v. Unión De Trabajadores De La Industria Gastronomica De Puerto Rico,* 959 F.2d 2, 4 (1st Cir.1992). If the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority," a court may not overturn the decision, even though the court may be convinced that the arbitrator committed a serious error. *Misco,* 484 U.S. at 38, 108 S.Ct. at 371; *Providence Journal v. Providence Newspaper Guild,* 271 F.3d 16, 20 (1st Cir.2001); *Labor Relations,* 29 F.3d at 745. If the CBA's language, taken in context with the surrounding circumstances, is susceptible to different meanings, a reviewing court may not meddle in the arbitrator's choice between two permissible interpretations. *El Dorado,* 961 F.2d at 320. If a reviewing court had the final say on the merits of an arbitrator's award, the federal policy of settling labor disputes by arbitration would be undermined. *United Steelworkers,* 363 U.S. at 596, 80 S.Ct. at 1360; *Posadas de Puerto Rico Associates, Inc. v. Asociación de Empleados de Casino de Puerto Rico,* 821 F.2d 60, 61 (1st Cir.1987); *Dorado Beach,* 811 F.Supp. at 44.

■ An arbitrator's decision, however, is not entitled to carte blanche approval. *Larocque,* 8 F.3d at 96–97; *Dorado Beach Hotel,* 959 F.2d at 4; *Dorado Beach,* 811 F.Supp. at 44. The arbitrator may not ignore the CBA's plain language. *Misco,* 484 U.S. at 38, 108 S.Ct. at 371. Only in a few exceptional circumstances is a court entitled to vacate an arbitration award. A court may intervene when the party challenging the award establishes that the award was " '(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact.' " *New England Health Care Employees Union v. R.I. Legal Serv.,* 273 F.3d 425, 427 (1st Cir.2001) (quoting *Teamsters Local Union No. 42 v. Supervalu,* 212 F.3d 59, 66 (1st Cir.2000)); *Wheelabrator,* 88 F.3d at 43–44. The award " 'must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice.' " *Eastern Associated Coal Corp. v. United Mine Workers,* 531 U.S. 57, 62, 121 S.Ct. 462, 466, 148 L.Ed.2d 354 (2000) (quoting *Mis-*

*co*, 484 U.S. at 38, 108 S.Ct. at 371); *Larocque*, 8 F.3d at 97; *Challenger Caribbean Corp. v. Unión General De Trabajadores de Puerto Rico*, 903 F.2d 857, 861 (1st Cir.1990). The court must refuse to overturn an award unless the arbitrator acted in a manner for which neither side could have bargained. *Wheelabrator*, 88 F.3d at 44.

▮ In the present case, the Union's challenge to the arbitrator's award does not survive the extreme deference that the award must be afforded. The Union argues that the arbitrator erred in construing its submission. The extraordinary deference that courts must give to an arbitrator's decision on the merits also applies to the arbitrator's interpretation of the submission. *Int'l Ass'n of Machinists v. Tennessee Valley Auth.*, 155 F.3d 767, 772 (6th Cir.1998); *Madison Hotel v. Hotel and Restaurant Employees*, 144 F.3d 855, 857–58 (D.C.Cir.1998); *El Dorado Technical Serv. v. Union General De Trabajadores*, 961 F.2d 317, 321 (1st Cir.1992); *Pack Concrete, Inc. v. Cunningham*, 866 F.2d 283, 285–86 (9th Cir.1989); *Champion Int'l Corp. v. United Paperworkers Int'l Union*, 779 F.2d 328, 335 (6th Cir. 1985); *Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 302 (3rd Cir.1982). A reviewing court should uphold the arbitrator's interpretation provided it can be rationally derived from the parties' submission. *Richmond, Fredericksburg & Potomac R.R. Co. v. Transp. Communications Int'l Union*, 973 F.2d 276, 280 (4th Cir.1992); *High Concrete Structures, Inc. v. Local 166*, 879 F.2d 1215, 1219 (3rd Cir.1989).

▮ In the present case, the Union's original request for arbitration claimed that "[t]he facts which brought about [Alemán's] discharge bear no proportion with [sic] the determination made by the Company." The arbitrator interpreted this to be a claim that the controversy was not what Alemán had done but rather was whether VTM was justified in firing him for what he did. In other words, the arbitrator assumed that the Union was conceding that Alemán had performed poorly as a substitute driver. The arbitrator read the Union's claim to be that Alemán's poor performance did not merit his being fired. The Court finds that the arbitrator's interpretation was not unreasonable. The Union did not allege that Alemán was falsely charged with performing poorly. It claimed only that his termination was not in proportion to what he had done. Had the Union wanted to contest the facts, it could have claimed that Alemán had actually performed satisfactorily and that VTM's accusation that he had performed poorly was false. It did not. In its formal submission, the Union asked the arbitrator only to determine whether the discharge was justified and, if it was not, that she determine what would be an adequate remedy. With this formal submission, the Union again had an opportunity to contest VTM's allegation that Alemán had performed poorly, and again the Union failed to do so. The Court reviews with deference the arbitrator's interpretation of the Union's submission. *See Champion Int'l*, 779 F.2d at 335; *Mobil Oil*, 679 F.2d at 302. Her interpretation can be rationally derived from the language of the Union's submissions. Thus, the Court declines the Union's request to find it to be erroneous.

▮ The arbitrator also concluded that, even if the Union had not accepted the facts, the evidence submitted by VTM demonstrated that Alemán had performed poorly, that this performance had damaged the company's reputation with its clients, and that termination was justified. The Union argues that Alemán was not given "his day in court." Alemán and the Union appeared at the hearing before the arbitrator. It appears, however, that they did

not present any evidence or put on any witnesses.[10] The Union fails to explain why it did not take advantage of this opportunity to present evidence or witnesses to support its case. Thus, the Union has failed to demonstrate any error in the arbitrator's conclusion that Alemán's performance was unsatisfactory.

The Court is presented with a case where the arbitrator rationally interpreted the Union's submission to be a claim only that an employee's termination was unjustified. The only evidence before her was that the discharged employee had performed unsatisfactorily, to the detriment of his employer. The arbitrator concluded that there was just cause for this termination. As stated above, the Court must afford great deference to the arbitrator's ruling. The Union has made no argument to show that the arbitrator's decision was "(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." *See New England Health Care Employees Union*, 273 F.3d at 427. Therefore, the Court denies its request to vacate the arbitrator's award.

WHEREFORE, the Court hereby **grants** VTM's motion for summary judgment (docket no. 12) and denies the Union's motion for summary judgment (docket no. 6). The request to vacate the arbitrator's award is denied. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

10. The arbitrator's decision states that VTM presented three witnesses. It makes no mention of any witnesses or evidence presented by the Union. In its motion for summary judgment, VTM states that the Union did not present any evidence at the hearing. Docket no. 12, at 4–5. The Union has not contested this assertion.