POLAND SPRING CORPORATION,
Plaintiff, Appellee,

v.

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO–CLC, LOCAL 1445, Defendant, Appellant.

No. 02–1064.

United States Court of Appeals,
First Circuit.

Jan. 22, 2003.

Before BOUDIN, Chief Judge,
TORRUELLA, SELYA, LYNCH,
LIPEZ* and HOWARD, Circuit Judges.

## ORDER OF THE COURT

The panel of judges that rendered the decision in this case having voted to deny the petition for rehearing and the suggestion for rehearing en banc having been carefully considered by the judges of the Court in regular, active service and a majority of said judges not having voted to order that the appeal be heard or reheard by the Court en banc, with one judge dissenting,

It is ordered that the petition for rehearing and the suggestion for rehearing en banc, be denied. Dissent follows.

LYNCH, Circuit Judge (Dissenting).

I dissent from the denial of en banc review. The outcome of this case—which is based on two prior First Circuit cases, *Georgia–Pacific Corp. v. Local 27, United Paperworkers International Union*, 864 F.2d 940 (1988), and *S.D. Warren Co. v. United Paperworkers' International Union*, 845 F.2d 3 (1st Cir.1988)—is, to my view, contrary to the deference to arbitrators required by *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

It is true that *Misco* warns that arbitrators may not rewrite contracts and substitute their own notions of industrial justice. *See id.* at 36, 108 S.Ct. 364. The majority opinion finds that is what the arbitrator did here, a conclusion I think erroneous and contrary to *Misco*'s mandate that federal courts must defer to the arbitrator so long as he is "even arguably construing or applying the contract and acting within the scope of his authority." *Id.* at 38, 108 S.Ct. 364; *accord Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001); *E. Assoc. Coal Corp. v. United Mine Workers*, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000).

The majority's opinion intensifies a circuit split. It runs contrary to the law of other circuits which carefully and explicitly delimit the scope of judicial review of arbitral awards on the ground that the arbitrator has exceeded his authority. *See Madison Hotel v. Hotel & Rest. Employees, Local 25*, 144 F.3d 855, 858–59 (D.C.Cir. 1998)("While courts … may review the substance of an arbitration award, only the narrowest circumstances will justify setting the award aside. An arbitrator cannot, for instance, render a judgment based on external legal sources, wholly without regard to the terms of the parties' contract.")(internal quotation omitted); *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir.1997) ("An arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract in terms that offer even a barely colorable justification for the outcome reached in order to withstand judicial scrutiny.")(internal quotations omitted); *Arch of Ill. v. District 12, United Mine Workers*, 85 F.3d 1289, 1292 (7th Cir.1996) (upholding arbitral award that

---

* Judge Lipez is recused from this matter.

employee's sleeping on the job is not just cause for termination and saying "it is only when the arbitrator *must have* based his award on some body of thought, or feeling, or policy, or law that is outside the contract ... that the award can be said not to 'draw its essence from the collective bargaining agreement.'")(internal quotations omitted).

It may be difficult for courts to refrain from substituting their own interpretation of the collective bargaining agreement, but they are nonetheless obligated to do so. The question, in the apt words of the Seventh Circuit, "is not whether the arbitrator or arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract." *George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 579 (7th Cir.2001) (Easterbrook, J.) (rejecting argument that because courts view issues of contract interpretation as issues of law that justifies setting aside an arbitral award for legal errors)(internal quotation omitted). In sum, "courts have no business overruling [an arbitrator] because their interpretation of the contract is different from his." *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

The issue is important and will face us again. Discharge of employees for insubordination or other reasons said to amount to grounds for termination is a recurring theme in labor arbitration. I regret that this court has chosen not to address the issue on rehearing en banc. Perhaps the Supreme Court will choose to do so.